UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SOCORA MORGAN,<br><br>    Plaintiff,<br>vs.<br><br>ROBERT TYREE, *et al.*,<br><br>    Defendants. | Case No.: 2:23-cv-01160-GMN-NJK<br><br>**ORDER** |

Before the Court is the Brief in Support of Removal, (ECF No. 14), filed by Defendants Robert Tyree, Transportation Commodities, Inc. ("TCI"), and Bekins A-1 Movers, Inc. ("Defendants"). For the reasons set forth below, the Court **REMANDS**[1] this action to state court.

I.   <u>BACKGROUND</u>

Plaintiff Socora Morgan ("Plaintiff") filed this action in the Eighth Judicial District Court of Nevada against Defendants. (*See generally* Compl., Ex. A to Pet Removal, ECF No. 1). Defendants then removed the case to this Court based on diversity jurisdiction. (Pet. Removal, ECF No. 1). At the time of removal, both Plaintiff and TCI were citizens of California. (Compl. 1:22-23, Ex. A to Pet. Removal); (Pet. Removal 1:2-3, 2:5-7); (Statement Regarding Removal 2:10). Considering this apparent lack of diversity, the Court issued an Order to Show Cause, (ECF No. 11), requiring Defendants to demonstrate they are completely

---

[1] No motion to remand was filed in this case. However, federal courts have a "*sua sponte* obligation to ensure it has subject matter jurisdiction." *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1036 (9th Cir. 2013); *see also Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("Subject-matter jurisdiction can never be waived or forfeited."). Because it is apparent the Court lacks subject matter jurisdiction, it is obligated to remand this action of its own accord.

diverse from Plaintiff.  Defendants then filed the instant Brief in Support of Removal, (ECF No. 14), which the Court discusses below.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted).

The federal removal statute provides that a defendant may remove an action to federal court based on federal question or diversity jurisdiction. 28 U.S.C. § 1441.  "The 'strong presumption against removal jurisdiction means that the defendant has the burden of establishing that removal is proper,' and the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

To remove a state law civil action to federal court on the basis of diversity jurisdiction, a removing defendant must show that the parties are completely diverse and that the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a).  Complete diversity of citizenship under 28 U.S.C. § 1332 requires that each plaintiff must be a citizen of a different state than each defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  Additionally, 28 U.S.C. § 1446 requires a removing defendant asserting diversity jurisdiction to file the notice of removal within 30 days of receipt by the defendant of the initial pleading or, if the case stated by the initial pleading is not removable, within 30 days after

///

receipt by the defendant "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id*.

### III.   DISCUSSION

By the Brief in Support of Removal, Defendants do not dispute the parties were not fully diverse when this case was removed. (*See generally* Brief Support Removal).  Nevertheless, Defendants maintain the Court should retain jurisdiction because the parties filed a stipulation to dismiss TCI from this lawsuit and allow Plaintiff to file an amended complaint reflecting this dismissal. (*See generally* Brief in Support Removal); (*see also* Stip. Dismiss & Am. Compl., ECF No. 13).  Thus, Defendants' assert the Court should retain jurisdiction despite their improper removal because the parties are *now* completely diverse.  The Court disagrees.  Based on review of relevant caselaw, the parties' subsequent dismissal of TCI cannot render removal proper.

The Ninth Circuit has stated "the core principle of federal removal jurisdiction on the basis of diversity [is] that it is determined (and must exist) as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transport Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir.2002).  Stated differently, "an action must 'be fit for federal adjudication when the removal petition is filed.'" *Sparta Surgical Corp. v. Nat'l Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998).

Here, it is undisputed there was not complete diversity "at the time of removal." *See Rudow v. Monsanto Co.*, No. 99-cv-4700, 20014 WL 228163, at *2 (N.D. Cal. 2001) ("In the case of removal based on diversity jurisdiction, there must be complete diversity at the time the action was filed and at the time of removal.").  "The Court need not determine whether [TCI] should be dismissed from this case because dismissing [TCI] now does not cure the lack of complete diversity 'at the time of removal.'" *Coastal Const. Co., Inc. v. North Am. Specialty Ins. Co.*, No. 11-cv-00115, 2011 WL 1637467, at *3 (D. Haw. Apr. 29, 2011); *see also Vasura*

*v. Ascands*, 84 F. Supp. 2d 531, 536 (S.D.N.Y. 2000) (rejecting argument that diversity exists because non-diverse party was voluntarily dismissed after removal); *Rudow*, 2001 WL 228163, at *6 (same); *Klintworth v. Valley Forge Ins. Co.*, No. 17-cv-448, 2018 WL 4945237, at *5 (N.D. Okla. Aug. 15, 2018) (same).  The Court therefore rejects Defendants' contention that TCI's dismissal from this case would cure the lack of diversity jurisdiction at the time of removal.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **REMANDED**.  The Clerk of the Court shall remand this case back to state court and thereafter close this Court's case.

**DATED** this __6__ day of September, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT